Judge Robertson
delivered the opinion of the Court.
It seems to this court, that a suit in chancery, for freedom, may be tolerated. Such a remedial proceeding is not unusual in Virginia; and w'e can perceive no sufficient objection to it, arising from principle or analogy.
There is remedy at law. But this is indirect and fictitious, and the right to freedom, in the action of trespass, is tried incidentally. We do not know, that a '•'•habeas corpus” or homine replegiandof would be the most appropriate remedy.
The legal remedy may not be effectual in all cases. There seems to be a peculiar fitness in as *19 appeal to the conscience of the law, for LIBERTY. However; the court does not decide this question. It only intimates its impression, without authorities.
Mills, for plaintiffs.
The power of the chancellor to decree freedom, is not the point involved in this case.
We do not doubt that the chancellor may enjoin the sale or abduction of a person claiming to be free, “pendente lite” at law, for freedom. To question this right would encourage fraud, oppression and violence.
The chancellor delights in his guardianship over personal liberty; he will prevent irreparable injury; he will remove all obstructions to an effectual assertion of right, in a court of law; he will secure from violence or destruction, the thing for which a suit at law is pending; he will secure to every individual, who claims to be free, the humble privilege of asserting the claim fairly, freely and fully.
The bill, in this case, was filed, to enjoin the sale and abduction of Leah and her children, until a suit at law, then pending, for their freedom, should be tried. The court, on demurrer, dismissed the bill.
This was wrong, and therefore, must be reversed.